United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 06-60588
Summary Calendar

———————————

AGFA CORPORATION,

Plaintiff-Appellant,

v.

LAWRENCE PRINTING COMPANY,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court for the
Northern District of Mississippi
4:02CV297P-B

———————————————————————————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

AGFA Corporation("AGFA") challenges the district court's dismissal of its complaint against Lawrence Printing Company ("Lawrence") for breach of contract, and the court's award of $22,427.34 plus interest in damages against AGFA for failure to furnish acceptable goods under the contract.  We AFFIRM.

Lawrence, a commercial printing business, purchased printing

———————

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

equipment through a distributor, Heartland Imaging Company ("Heartland"), for several years. In 2000, Heartland's representative recommended Lawrence replace its old processor with a new AGFA processor. Lawrence heeded its distributor's advice and entered into an agreement with AGFA to purchase specified volumes of AGFA printing plates for a five-year term running from April 1, 2000, to March 31, 2005. The contract also provided for AGFA's recovery of liquidated damages in the event of early termination of the agreement.

In February, 2001, Lawrence began experiencing considerable difficulty using the AGFA plates, resulting in extensive downtime; the images disappeared off the plates, and the plates transferred ink in unwanted portions of the images. Lawrence complained to its Heartland representative, who initially replaced several boxes of the plates and returned them to AGFA. The problems persisted.

Heartland's representative made several unsuccessful troubleshooting attempts, then solicited AGFA's input on April 26, 2001. Two AGFA service technicians visited Lawrence, performed a general maintenance check, and advised Lawrence to stop recycling developer. Lawrence followed the technician's advice, but the problems continued.

After numerous, increasingly futile communications between the Heartland representative and AGFA, AGFA sent additional personnel to the Lawrence plant on June 11-12, 2001. The technicians conducted another inspection and suggested Lawrence use a different

2

fountain solution.  Again, Lawrence heeded AGFA's suggestion without success.  Technicians returned to Lawrence a month later, but did not suggest any corrective action.

Finally, as a last resort, Lawrence tried using plates by a different manufacturer.  The plates performed flawlessly.  Lawrence changed to another processor, and Heartland notified AGFA of the necessary change.  AGFA responded by sending a letter to Lawrence acknowledging that Lawrence intended to "default" on its remaining contractual obligation to purchase AGFA plates, and demanded payment of liquidated damages.

In the ensuing litigation, the district court found that AGFA had failed to furnish acceptable goods under the contract, dismissed AGFA's claims with prejudice, and awarded Lawrence damages based on AGFA's repeated failure to furnish acceptable goods under the contract.  We review the district court's factual findings for clear error, and its legal conclusions *de novo*.  *See Employers Ins. of Wasau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 758 (5th Cir. 1989).

We affirm the district court for the reasons stated in its well-reasoned opinion.  The outcome of this case turns entirely on which of the two parties breached the contract.  Under New Jersey's version of Article 2 of the UCC, which controls the construction of contracts in this case, Lawrence had the right to reject or revoke acceptance of nonconforming goods.  N.J.S.A. 12A:2-601, 602, 603.

3

As demonstrated by the facts of this case, AGFA's goods failed their essential purpose. AGFA's failure to provide acceptable goods to Lawrence and its failure to correct the problems within a reasonable time precludes AGFA from recovering on its breach of contract claim.

AGFA argues that the limited remedy provision in the contract, which specifies replacement product as the exclusive remedy, shields AGFA from liability. New Jersey law, however, provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose," as is the case here, "remedy may be had as provided in this act." N.J.S.A. 12A: 2-719(2). Specifically, the act provides for Lawrence to recover the difference between the cost of cover and the contract price as damages. N.J.S.A. 12A:2-712(2).

For the foregoing reasons, we AFFIRM the district court.